**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Glucagon-like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation | MDL DOCKET NO. 3094 |

**<u>NOVO NORDISK'S RESPONSE TO PLAINTIFF DARIUS CRAIG'S UNOPPOSED MOTION TO TRANSFER HIS ACTION PURSUANT TO JPML RULE 7.1(b)(i)</u>**

## INTRODUCTION

Defendants Novo Nordisk Inc. and Novo Nordisk A/S (collectively "Novo Nordisk") do not oppose the relief sought in Plaintiff Darius Craig's Unopposed Motion to Transfer His Action Pursuant to JPML Rule 7.1(b)(i), Dkt. 257, in the interest of judicial efficiency. Plaintiff expressly asserts that this injury is the "result of the same mechanism of action that causes the gastrointestinal harms enumerated in the initial Transfer Order." Dkt. 257-1, at 5. As such, the case shares common factual and legal questions as actions currently pending in the MDL making transfer to the MDL appropriate. Novo Nordisk thus respectfully requests that the Panel grant transfer of Plaintiff Craig's action, and other actions alleging venous thromboembolism injuries associated with GLP-1 RA use, as soon as practicable.

## ARGUMENT

On February 2, 2024, this Panel created an MDL centralizing claims that allege gastrointestinal injuries associated with use of glucagon-like peptide-1 receptor agonists ("GLP-1 RAs"). Transfer Order, Dkt. 145. On August 7, 2024, Plaintiff Dairus Craig filed his complaint in the Northern District of Alabama alleging venous thromboembolism injuries, specifically deep vein thrombosis ("DVT"), from Ozempic (semaglutide).

Plaintiff alleges DVT is "a result of the same mechanism of action that causes the gastrointestinal harms enumerated in the initial Transfer Order." Motion to Transfer at 5. Specifically, plaintiff alleges "[t]he use of GLP-1 RAs can lead to malnutrition, rapid weight loss, inflammation, and dehydration to name a few. These are all consequences of how the drug is behaving that [are] the cause or result of gastrointestinal injuries. However, these same behavioral consequences can cause or result in DVT and/or other venous thromboembolism injuries." *Id*.

In light of that allegation, Novo Nordisk agrees with Plaintiff that the *Craig* case, as well

1

as the other cases alleging venous thromboembolism injuries – *i.e.*, deep vein thrombosis (DVT) and pulmonary embolism (PE) – associated with GLP-1 RA use, share common issues of fact with other actions in MDL 3094 and should be included in the MDL for the benefit of efficiency for the Court and the parties. *Id.* at 5-7; *see also* Transfer Order at 2. Overlapping discovery also will be inevitable for the existing[1]—and forthcoming[2]—DVT cases, in which each lawsuit contains substantially similar allegations about GLP-1 RAs and their alleged propensity to cause venous thromboembolism injuries. Transfer Order at 2. This is the type of additional injury contemplated by the Panel. *Id.* (the Transfer Order also indicates that the addition of "other gastrointestinal injuries" to the MDL is appropriate.).

## CONCLUSION

For these reasons, Novo Nordisk asks the Panel to transfer the *Craig* action, along with any other actions involving alleged venous thromboembolism injuries from GLP-1 RA use, to the Eastern District of Pennsylvania for inclusion in the GLP-1 RAs MDL.

Dated:  September 10, 2024

Respectfully submitted,

/s/ Loren H. Brown
Loren H. Brown
**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Telephone: (212) 335-4846
Facsimile: (212) 335-4501
loren.brown@us.dlapiper.com

*Attorney for Defendants Novo Nordisk A/S and Novo Nordisk Inc.*

---

[1] *Shirley* and *Legrand* allege DVT from Ozempic. *Ulrich* alleges DVT from Wegovy. *Grella* alleges DVT from Ozempic and/or Wegovy.

[2] Motion to Transfer at 2 (plaintiff counsel are "currently investigating a significant number of venous thromboembolism injury cases.").