BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAs) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 3094 |

RESPONSE OF PLAINTIFF ROBERT KING IN SUPPORT OF MOTION FOR
TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407

## INTRODUCTION

Plaintiff Robert King ("Plaintiff King") respectfully submits this Response in support of Plaintiff Bjorkland et al.'s Motion for Transfer and Coordination under 28 U.S.C. § 1407. Plaintiff King agrees that transfer is useful, necessary, and supported by numerous common questions of fact in the Glugacgon-like Peptide-1 Receptor Agonist related actions ("GLP-1 RA Cases"). Plaintiff King recommends sending the GLP-1 RA Cases to the Western District of Louisiana where the experienced and skilled Honorable James D. Caine, Jr. will preside.

## BACKGROUND

Plaintiff King filed the action *Robert King v. Eli Lilly and Company,* Civil Action No. 6:23-cv-00406 in the Eastern District of Oklahoma on December 4, 2023. Plaintiff seeks recovery for personal injuries caused by his prescribed use of Defendants' drug Trulicity. Plaintiff's causes of action include strict products liability, negligent failure to provide adequate warnings and instructions, breach of express warranty, and breach of implied warranty.

There are dozens of GLP-1 RA Cases pending across the country as of the filing of this Response. These actions involve common questions of fact and should therefore be transferred to one district for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re: Wright Medical Technology, Inc., Conserve Hip Implant Prod. Liab. Litig.*, 844

F.Supp.2d 1371, 1372 (J.P.M.L. 2012) (finding centralization necessary where the actions involved common questions of fact, centralization served the convenience of the parties and witnesses, and centralization promoted the just and efficient conduct of the litigation). Coordinated and consolidated pretrial proceedings will provide convenience for the parties and witnesses and will promote the just and efficient conduct of the GLP-1 RA Cases.

## ARGUMENT

**I.   TRANSFER, COORDINATION, AND CONSOLIDATION OF ALL ACTIONS IS APPROPRIATE UNDER 28 U.S.C. § 1407.**

Plaintiff King agrees with the moving Plaintiffs that transfer, coordination, and consolidation of the GLP-1 RA Cases is appropriate as many common questions of fact and law exist. The actions involve much of the same core discovery, fact witnesses, and general liability and causation experts. Every action brings products liability claims and alleges Defendants' negligence and failure to warn patients and consumers with respect to the sale of their prescription drugs. The GLP-1 RA Cases will involve common questions of fact and law, including similar factual allegations, the same injuries, the same factual allegations regarding general causation, and similar theories of liability surrounding Defendants' placing a defective product in the market, negligence, and the adequacy of Defendants' warnings.

Plaintiff King agrees that transfer for pretrial purposes serves "the convenience of the parties and witnesses" and "promote[s] the just and efficient conduct of the actions" as required by 28 U.S.C. § 1407. The number of common issues of fact and the number of current and anticipated claims make the GLP-1 RA Cases well suited for transfer and pretrial consolidation. Consolidation will foster the just and efficient conduct of these actions by preventing duplicative discovery and preventing inconsistent resolution of pretrial issues. While there are several drugs

and defendants at issue in these cases, the Panel has a history of consolidating cases where there are multiple drugs within the same class that are manufactured by different defendants. *See e.g. In re: AndroGel*, 24 F. Supp. 3d 1378, 1378 (J.P.M.L. 2014). In fact, these drugs and these manufacturers were previously consolidated in an MDL involving different injuries and allegations. *See In re: Incretin Mimetics Prod. Liab. Litig.*, 968 F. Supp. 2d 1345 (U.S. Jud. Pan. Mult. Lit. 2013).

Plaintiff King anticipates more GLP-1 RA case filings in federal courts across the United States. Future plaintiffs will most likely file their cases in their home states where they used Defendants' defective drugs. Because patients used GLP-1 RAs nationwide, no particular state or court will see substantially more cases than another. Therefore, coordination and consolidation of the GLP-1 RA Cases will provide for just and efficient adjudication. Without centralization of pretrial proceedings, duplication of discovery, witnesses, and decisions on liability will occur. Centralization allows the parties to take expert depositions once, allows Defendants to produce documents once, and minimizes travel for all parties involved, including Defendants, as they will only have to appear in one district court.

The Panel recognizes that consolidating product liability litigations in one court benefits both plaintiffs and defendants. Specifically, consolidation strikes a balance between allowing the defendant to conduct discovery only once and entitling the plaintiffs to coordinate their efforts and share their work with other plaintiffs' counsel. *See In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739 (M.D.L. 1984). "And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned." *Id.* at 741 (citing *In re Nissan Motor Corporation Antitrust Litig.*,

385 F. Supp. 1253, 1255 (M.D.L. 1974)). A centralized litigation promotes the conservation of judicial resources, as well as the parties' resources, because it minimizes or eliminates duplication of pretrial discovery. Consolidation of these actions will save both sides and the court countless resources by streamlining the litigation in one forum.

Centralization removes the risk of inconsistent adjudications and conflicting decisions. If separate courts concurrently review separate motions related to the same procedural or substantive issues in this litigation, then a serious risk of inconsistent rulings presents itself. The Panel routinely centralizes cases to avoid conflicting decisions and inconsistent rulings. *See In re Brown Co. Sec. Litig.*, 325 F. Supp. 307, 308 (J.P.M.L. 1971) (noting that transfers are practically compelled so as to avoid overlapping or inconsistent class action rulings); *In re Career Acad. Antitrust Litig.*, 57 F.R.D. 569, 571 (E.D. Wis. 1972) (noting that one purpose of consolidation "is to avoid inconsistent adjudications"); *In re Pharmacy Benefit Managers Antitrust Litig.*, 425 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) (noting that centralization is desirable to avoid duplicative discovery and to prevent inconsistent or repetitive pretrial rulings). The Panel should centralize the GLP-1 RA Cases to avoid inconsistent adjudications where these cases present the same factual and legal questions.

Transfer, coordination, and consolidation of the GLP-1 RA Cases to one district court is appropriate under 28 U.S.C. § 1407. Transfer will ensure the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions.

## II. THE PANEL SHOULD TRANSFER THE GLP-1 RA CASES TO THE WESTERN DISTRICT OF LOUISIANA.

The Honorable James D. Caine, a skilled jurist with substantial experience in managing complex litigation, should oversee the GLP-1 RA Cases. With cases filed nationwide and Defendants domiciled in diverse locales, there is no one District that is a natural choice for an

MDL forum. When no district stands out as the focal point of litigation, the Panel often steers litigation to an experienced judge:

> Given the geographic dispersal of current and anticipated constituent actions, no district stands out as the focal point for this wide-ranging litigation. In concluding that the Eastern District of New York is an appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

*In re Zyprexa Prod. Liab. Litig.*, 314 F.Supp.2d 1380, 1382 (J.P.M.L. 2004) (transferring actions to district with only two pending cases and where no defendant domiciled).

The Panel uses no single factor to select the transferee district, but generally considers six factors: (1) where the largest number of cases is pending, (2) where discovery has occurred, (3) where cases have progressed furthest, (4) the site of the occurrence of the common facts, (5) where the cost and inconvenience will be minimized, and (6) the experience, skill, and caseloads of available judges. Ann. Manual Complex Lit. § 20.131 (4th ed.); *see In re Fosamax Prod. Liab. Litig.*, 444 F.Supp.2d 1347, 1350 (J.P.M.L. 2006) (centralizing "permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course"); *In re Eastern Airline's Inc. Flight Attendant Weight Program Litig.*, 391 F.Supp. 763, 764–65 (J.P.M.L. 1975) (weighing the size of each potential transferee court's civil action docket).

Here, the GLP-1 RA Cases remain in the early stages of litigation and little discovery has occurred. Defendants are domiciled in different states. Consequently, no particular federal district court or state operates as the site of the occurrence of the common facts. The Western District of Louisiana currently possesses the largest number of pending cases, but there is no reason to believe that will hold as the litigation progresses since thousands of individuals used Defendants' defective drug nationwide. Therefore, the Panel should consider the experience, skill, and caseloads of

available judges and where the cost and inconvenience will be minimized as the most important factors to consider.

Judge Caine has the capacity to manage the GLP-1 RA Cases and has been active in the case. He oversees the first filed case in the nation and recently denied Rule 12 Motion to Dismiss by Defendants Novo Nordisk and Eli Lilly. *Bjorklund v. Novo Nordisk A/S et al.*, Case No. 2:23-cv-01020, Dkt. #66 and #69. He is also a skilled jurist capable of overseeing a large mass tort MDL. Judge Cain has recent experience in the hurricane litigation efficiently handling thousands of cases to conclusion and was noted to have "handled more insurance cases that any other judge in the nation." *Federal insurance litigation in Louisiana tops in U.S., new report finds*, Louisiana Record (June 15, 2023) (https://louisianarecord.com/stories/644285105-federal-insurance-litigation-in-louisiana-tops-in-u-s-new-report-finds) (accessed 12/27/23). Lastly, the Western District of Louisiana will minimize costs and inconvenience to the parties as a venue as it is reasonably accessible by car or air and is geographically towards the center of the country.

## CONCLUSION

WHEREFORE, Plaintiff King respectfully requests, pursuant to 28 U.S.C. § 1407, that the Panel enter an Order transferring the pending actions, as well as any GLP-1 RA related actions that might later be filed, to the Western District of Louisiana before the Honorable James D. Caine.

Dated: December 29, 2023                                  Respectfully submitted,

*/s/ Stacy K. Hauer*
Stacy K. Hauer (MN Bar No. 0317093)
**JOHNSON BECKER PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1804 (phone)
(612) 436-4801 (fax)
shauer@johnsonbecker.com

*Attorneys for Plaintiff King*