## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:  GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL No. 3094 |

### INTERESTED PARTY RESPONSE IN OPPOSITION TO THE MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF LOUISIANA AND IN SUPPORT OF A NOVO NORDISK-ONLY MULTIDISTRICT LITIGATION IN THE NORTHERN DISTRICT OF FLORIDA

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Interested Party Plaintiff and Respondent (hereinafter "Respondent"), Rachel Hughes respectfully submits this Interested Party Response in opposition to Jacklyn Bjorklund, *et al.*'s Motion for Transfer of actions to the United States District Court for the Western District of Louisiana Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (Dkt. No. 1). Respondent urges that the actions against the primary defendants in this case—Novo Nordisk and Eli Lilly—should not be lumped together. Rather, Respondent submits that transfer of all actions pending against Novo Nordisk and related entities should be transferred to and consolidated in the Northern District of Florida, and in the alternative, the Eastern District of Pennsylvania.[1] Additionally, Respondent suggests the name of this action be changed to *In re: Novo Nordisk Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*.

### I.        Introduction

---

[1] Respondent has not sued Eli Lilly, and, therefore, takes no position as to whether actions against Eli Lilly should, themselves, be consolidated.

The undersigned is counsel of record for Respondent in the following case pending in the Eastern District of Pennsylvania:

*Rachel Hughes v. Novo Nordisk et al.*, Case No. 2:24-cv-00076, United States District Court for the Eastern District of Pennsylvania, Judge Wendy Beetlestone.

For purposes of centralization, Respondent incorporates by reference all arguments in opposition articulated by Plaintiffs Kelly Miller (Dkt. No. 50) and Michelle Gray (Dkt. No. 89). Respondent agrees that the Panel should Deny the Movants' Application insofar as it seeks to create a combined Novo Nordisk *and* Eli Lilly MDL. Defendants Novo Nordisk and Eli Lilly are direct competitors who make different drugs with different mechanisms of action, have different warning labels, and incorporate different marketing strategies. Respondent submits that the Novo Nordisk and Eli Lilly actions *do not* share common legal and factual issues, and therefore, transfer and coordination or consolidation of the actions will not aid in the efficient resolution of these cases. Instead, the Panel should consolidate the Novo Nordisk and related entity actions, alone, as this will avoid inconsistent rulings and preserve judicial and party resources across all the Novo Nordisk actions.

## II.     The Northern District of Florida is the Most Suitable Forum

In determining the appropriateness of a transferee court, the following primary factors are considered: (1) the location of the parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931-32 (J.P.M.L. 1980).

As to point number 1, Defendant Novo Nordisk is a multinational pharmaceutical company with global headquarters in Denmark and US headquarters located in Plainsboro, New

Jersey. As of the time of this filing, there are no cases pending in the District of New Jersey and none of the parties have requested transfer to the District. Moreover, undersigned counsel has identified 45 cases pending in 19 districts, which plainly suggests there is no nucleus of filings in any particular district. Novo Nordisk agrees, stating "there is no geographic center of gravity among the Plaintiffs in this matter." (Dkt. No. 55 at p. 3). That said, Respondent agrees with Plaintiff Kelly Miller that there is a large volume of cases filed on the East Coast (Dkt. No. 50 at p. 14) and submits that the Northern District of Florida presents an easily accessible location on the East Coast. Respondent acknowledges that there is not presently a constituent action filed in the Northern District of Florida, but this has not prevented transfer where "no single district stands out as the geographic focal point for [a] nationwide litigation." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 269 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) (centralizing six actions in the United States District Court for the District of Maine before Judge D. Brock Hornby, even though no constituent action was pending in that district).

As to point number 2, The Northern District of Florida is a convenient forum for the parties and witnesses. The Pensacola International Airport is served by seven major airlines with flights and connections throughout the United States.[2] Pensacola boasts 64 hotels[3] and 20 vacation rental companies[4] within the Pensacola Bay Area, many of which are beachfront. Pensacola is a city that most are envious of in the winter and vacation to in the summer.

As to point number 3, The Northern District of Florida is efficient. The Northern District of Florida ranks 1st among districts in the entire country in median time from filing to trial in

---

[2] https://flypensacola.com/fly/nonstop-flights-from-pns/
[3] https://www.visitpensacola.com/places-to-stay/hotels/
[4] https://www.visitpensacola.com/places-to-stay/vacation-rentals/

civil cases (18.3 months compared to a nationwide median of 35.7 months).[5] Another "especially useful basis for comparing the various court dockets" is the percentage of cases over three years old. D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* § 6:17, at 210-11 (2009). The Northern District of Florida again performs well against this measure. As of the September 2021—prior to the influx of *3M Combat Arms* filings which are now resolved via settlement—there were only 56 cases pending longer than 3 years in the Northern District of Florida (reported as .0%) compared to a nationwide average of 10.9%.[6]

The potential scope of this litigation is massive. It is an understatement to say that Novo Nordisk's GLP-1 RA medications are widely prescribed. The recent increase in the number of filed cases and the number of firms filing those cases reflects the wide reach of this litigation. The Panel should take advantage of the Northern District of Florida's skill and efficiency and consolidate all of the Novo Nordisk related actions in the Northern District of Florida.

Respondent respectfully requests that upon transfer to the Northern District of Florida, the cases be assigned to the Honorable M. Casey Rodgers. Judge Rodgers has over 20 years experience as a federal judge. She has served as a District Court Judge since 2003, following her term as a United States Magistrate Judge. During her tenure, Judge Rodgers presided over MDL No. 2734 - *In re: Abilify (Aripiprazole) Prod. Liability Litig.*, which culminated in a global resolution of cases within 3 years of the Panel's Transfer Order.[7] More recently, Judge Rodgers led MDL No. 2885 – *In re: 3M Combat Arms Eearplug Prod. Liability Litig.* (the largest MDL ever) to global settlement in just over 4 years (including a bankruptcy stay), which she is currently overseeing. Additionally, she has presided over multiple cases remanded from

---

[5] Federal Court Management Statistics for Northern District of Florida,
https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0930.2023.pdf
[6] *Id.*
[7] https://www.jpml.uscourts.gov/sites/jpml/files/MDL-2734-Initial_Transfer-09-16.pdf

multidistrict litigations involving complex product liability actions, *see, e.g., Krause v. Novartis Pharms. Corp.*, No. 1:06-cv-12 (N.D. Fla.); *Leroy v. Medtronic, Inc.*, No. 3:14-cv-284 (N.D. Fla.), as well as numerous class actions, *see, e.g., Hall v. AETNA Life Insur. Co.*, No. 3:09-cv-222 (N.D. Fla.), *Sacred Heart Health Systems, Inc. v. Humana Military Healthcare Servs.*, No. 3:07-cv-62 (N.D. Fla.); *AllSouth Subcontractors, Inc. v. Amerigas Propane, Inc.*, No. 3:15-cv-9 (N.D. Fla.).

Accordingly, Respondent respectfully requests that the Panel transfer the Novo Nordisk and related entity cases to the Northern District of Florida for coordinated and consolidated pretrial proceedings before the Honorable M. Casey Rodgers.

### III.     The Eastern District of Pennsylvania is a Suitable Alternative Forum

In the event this Panel declines to transfer the actions to the Northern District of Florida, Respondent would urge the Panel to transfer the cases to the Honorable Wendy Beetlestone in the Eastern District of Pennsylvania for the reasons set forth in Plaintiffs Kelly Miller (Dkt. No. 50) and Michelle Gray's (Dkt. No. 89) briefings. Respondent would additionally note that Novo Nordisk's US headquarters are located within 100 miles of the Eastern District of Pennsylvania's Philadelphia court house (46.4 miles per Google)[8] bringing Novo Nordisk corporate witnesses within the subpoena power of the Eastern District of Pennsylvania, as well as making it a convenient location for the witnesses to travel when necessary.

### IV.     Other Suggested Districts are Unsuitable

---

[8]

https://www.google.com/maps/dir/Novo+Nordisk+Inc.,,+800+Scudders+Mill+Rd,+Plainsboro+Township,+NJ+08536/601+Market+St,+Philadelphia,+PA+19106/@40.1478953,-75.0422804,11z/data=!3m1!4b1!4m14!4m13!1m5!1m1!1s0x89c3e75b18b8cfb5:0x7fa975af5883c718!2m2!1d-74.6030149!2d40.3376679!1m5!1m1!1s0x89c6c883c913d7dd:0xafa50674955394a9!2m2!1d-75.151116!2d39.9515308!3e0?entry=ttu

First, the Western District of Louisiana has no nexus to the facts of this Litigation. Novo Nordisk and its related entities are not headquartered in, or even near, the State of Louisiana. Novo Nordisk and its related entities do not manufacture its products in the state of Louisiana. Moreover, Louisiana is not conveniently located for any of the Parties. The distance to Lake Charles from the nearest international airports (New Orleans and Houston) is 206 and 143 miles, respectively, an approximately 2 to 3 hour drive either way, and flying to Lake Charles requires an additional connection through Houston or Dallas. Due to the size and scope of this litigation, it is anticipated to be extremely lengthy and to take years to resolve. The cases in the Western District of Louisiana are hardly past the pleading stage and are in their infancy, comparatively speaking.

Second, Novo Nordisk's suggestion that the Middle District of North Carolina has a "significant" connection to this district because it has a manufacturing facility within the state is unpersuasive. (Dkt. 55 at p. 11). This is not a manufacturing defect case. This is a negligent warning and marketing case. Respondent is not aware of any plaintiffs in this litigation who have even brought manufacturing defect claims. That some of the assembly of Novo Nordisk's medication delivery device may occur in North Carolina is of no import to this action. None of Novo Nordisk's manufacturing witnesses nor any of their documents will be of any focus in this action.

Third, Novo Nordisk's attempt to draw a connection between this action and *In re Incretin-Based Therapies*, MDL 2452, in order to draw Judge Anthony Battaglia of the Southern District of California should be rejected. The *Incretin-Based Therapies* MDL that was started a decade ago concerned Novo Nordisk's medication Victoza (liraglutide) and the development of

pancreatic cancer.[9] That litigation took nearly 9 years to resolve. The current action against Novo Nordisk concerns primarily Ozempic and Wegovy (semaglutide) and the development of gastroparesis, ileus, deep vein thrombosis, and, it is presumed, intraoperative aspiration[10] (if not already). Neither Ozempic nor Wegovy had even been approved by the FDA at the time of the prior litigation, a fact which Novo Nordisk tacitly acknowledges.[11] None of the injuries complained of in the current litigation share any connection with that of the past litigation, and thus, medical causation will be completely different. The regulatory and labeling histories are drastically different, and thus, the issue of preemption will present differently. The aggressive marketing tactics associated with Ozempic and Wegovy (over a quarter billion dollars in 2023 alone) are far different than what was employed with Victoza.[12] Thus, there is no legitimate connection between the present action and *In re Incretin-Based Therapies* to warrant this case being assigned to Judge Anthony Battaglia of the Southern District of California out of hand.

## V. Conclusion

For the aforementioned reasons, Respondent urges transfer and consolidation of the Novo Nordisk and related entity actions to the United States District Court for the Northern District of Florida before Judge M. Casey Rodgers, or in the alternative, the United States District Court for the Eastern District of Pennsylvania before Judge Wendy Beetlestone. Additionally, Respondent suggests the name of this action be changed to *In re: Novo Nordisk Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*.

---

[9] https://www.jpml.uscourts.gov/sites/jpml/files/MDL-2452-Initial_Transfer-07-13.pdf
[10] https://www.fda.gov/drugs/questions-and-answers-fdas-adverse-event-reporting-system-faers/july-september-2023-potential-signals-serious-risksnew-safety-information-identified-fda-adverse
[11] Dkt. 55 at p. 13 ("[T]he medicines currently at issue are newer members of the GLP-1RA class than the GLP-1RA medicines that were at issue in the prior MDL. . . .").
[12] https://www.fiercepharma.com/marketing/novo-nordisk-boosts-wegovy-ozempic-ad-spend-analysis-finds-rising-tide-lifts-all-boats

Dated: January 12, 2024        Respectfully submitted,

/s/ George T. Williamson
FARR LAW FIRM P.A.
George T. Williamson (FL Bar No.: 85585)
99 Nesbit Street
Punta Gorda, FL 33950
Telephone: (941) 639-1158
Fax: (941) 639-0028
E-Mail: gwilliamson@farr.com

**COUNSEL FOR PLAINTIFF:**

*Case No. 2:24-CV-00076; Hughes v. Novo Nordisk A/S, et al.; In the United States District Court for the Eastern District of Pennsylvania*