BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL No. 3094 |

**INTERESTED PARTY RESPONSE IN OPPOSITION TO THE MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF LOUISIANA AND IN SUPPORT OF A NOVO NORDISK-ONLY MULTIDISTRICT LITIGATION IN THE NORTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Interested Party Plaintiff and Respondent (hereinafter "Respondent"), Alesio Sciocchetti respectfully submits this Interested Party Response in opposition to Jacklyn Bjorklund, *et al.*'s Motion for Transfer of actions to the United States District Court for the Western District of Louisiana for Coordinated or Consolidated Pretrial Proceedings (Dkt. No. 1).

Respondent agrees that centralization is necessary given the expected large number of cases against Novo Nordisk regarding their GLP-1 RAs for the efficient management of judicial and party resources. See 28 U.S.C. §1407. To reap the intended benefits of MDL consolidation such as uniform pleading and motion practice and coordinated discovery, there needs to be the same legal concepts and similar fact patterns. This will not be accomplished by the formation of an MDL that includes defendants, who are competitors, who manufacture, market, and sell distinctly different drugs.

Novo Nordisk's Ozempic and Wegovy are substantially different than Eli Lilly's Mounjaro. Ozempic and Wegovy are the same drug, semaglutide, also known chemically as $C_{187}H_{291}N_{45}O_{59}$. On the other hand, Mounjaro is tirzepatide, an entirely different molecule, also

1

known chemically as $C_{225}H_{348}N_{48}O_{68}$.. Ozempic is a GLP-1 (glucagon-like peptide-1) receptor agonist but Mounjaro **is a dual-acting GIP (glucose-dependent insulinotropic polypeptide)** and GLP-1 (glucagon-like peptide-1) receptor agonist. As these drugs are unique, each has its own development, approval history, marketing, sales, labeling, and warnings. There is no efficiency to be gained by consolidating cases against Novo Nordisk and Eli Lilly in the same MDL because they *do not* share common legal and factual issues, and therefore, transfer and coordination would not promote efficiency. Instead, Respondent requests that the Panel consolidate the Novo Nordisk and related entity actions in their own MDL as this will avoid inconsistent rulings, promote judicial economy, and preserve party resources for all the Novo Nordisk actions.[1]

Respondent requests a transfer of all actions pending against Novo Nordisk and related entities for consolidation in a Defendant-specific MDL in the Northern District of New York, and in the alternative, in the Eastern District of Pennsylvania.[2] Additionally, Respondent suggests the name of this action be changed to reflect Defendant Specificity, to wit: *In re: Novo Nordisk Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*.

I. **CONSOLIDATION OF THE NOVO NORDISK CASES IS APPROPRIATE GIVEN THE NUMBER OF RELATED ACTIONS PENDING AND THE LIKELIHOOD OF ADDITIONAL ACTIONS TO BE FILED.**

   A. **The Northern District of New York is the Most Suitable Forum**

The undersigned is counsel of record for Respondent in the following case pending in the Northern District of New York: *Alesio Sciocchetti v. Novo Nordisk et al.*, Case No. 8:24-cv-45 (BKS/CFH), United States District Court for the Northern District of New York. In determining

---

[1] Eli Lily is not a defendant in Respondent's action. As such, Respondent does not take a position as to whether actions against Eli Lily should be consolidated into an Eli Lily specific MDL.

[2] Respondent incorporates the arguments raised by Miller in Dkt. 50.

the appropriateness of a transferee court, the following primary factors are considered: (1) the location of the parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931-32 (J.P.M.L. 1980).

Defendant Novo Nordisk, a global pharmaceutical company, has its international headquarters in Denmark and US headquarters in Plainsboro, New Jersey which is proximal and adjacent to the State of New York. As of this filing, no plaintiff has requested transfer to the District of New Jersey. Currently, more than forty-five related cases are pending in over twenty districts, which suggests there is no nucleus of filings to which Novo Nordisk agrees.[3] However, a large number of cases are filed on the East Coast, and the Northern District of New York presents an accessible East Coast location. The Northern District of New York is a convenient forum for the parties and witnesses. The Albany International Airport is served by nine major airlines including American, Delta, JetBlue, Southwest, and United providing flights and connections throughout the United States.[4] Albany is a power-packed small city that provides accessible and affordable hotels, parking, restaurants, and convenient services needed for multidistrict litigation.

The Northern District of New York has a manageable overall caseload of 2,440 as of September 2023, and has no pending MDLs leaving the bandwidth needed for this MDL.[5] Another "especially useful basis for comparing the various court dockets" is examining the percentage of cases pending that are over three years old. D. Herr, *Multidistrict Litigation Manual: Practice*

---

[3] "[T]here is no geographic center of gravity among the Plaintiffs in this matter." (Dkt. No. 55 at p. 3).
[4] https://www.albanyprf.com/alb-airlines
[5] Federal Court Management Statistics for Northern District of New York
https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0930.2023.pdf

*Before the Judicial Panel on Multidistrict Litigation* § 6:17, at 210-11 (2009). As of September 2023, only 15% of the cases on the Northern District of New York docket were over 3 years old.

The potential scope of this litigation is large as Novo Nordisk's GLP-1 RA medications are widely prescribed. The increasing number of cases being filed by different law firms reflects the anticipated size and scope of this litigation. The Panel should take advantage of the Northern District of New York's efficiency and consolidate the Novo Nordisk-related actions in the Northern District of New York.

Respondent respectfully requests that upon transfer to the Northern District of New York, the cases be assigned to the Honorable Mae A. D'Agostino. Serving since 2011, Judge D'Agostino has 13 years of experience as a federal judge. Before her judicial appointment, Judge D'Agostino had a successful career as a trial attorney in private practice handling personal injury cases which included complicated product liability and medical malpractice cases. Judge D'Agostino has presided over cases with causation issues regarding exposure to toxic substances and disease that referred to bio-mechanism and epidemiology studies.[6] In light of her recognized expertise, the Judge teaches medical malpractice as an Adjunct Professor at Albany Law School. Accordingly, Respondent respectfully requests that the Panel transfer the Novo Nordisk and related entity cases to the Northern District of New York for coordinated and consolidated pretrial proceedings before the Honorable Mae A. D'Agostino.

### B. In the alternative, the Eastern District of Pennsylvania is a Suitable Forum

In the event this Panel declines to transfer the actions to the Northern District of New York, Respondent would urge the Panel to transfer the cases to the Honorable Wendy Beetlestone in the

---

[6] *Rizzo v. Applied Materials, Inc.*, N.D.N.Y., Case No.: 6:15-CV-557, Decided: September 11, 2017, 2017 WL 4005625.

Eastern District of Pennsylvania for the reasons outlined in Plaintiffs Kelly Miller (Dkt. No. 50) and Michelle Gray's (Dkt. No. 89) briefings.

### C. Other Suggested Districts are Unsuitable

As outlined in Plaintiffs Kelly Miller (Dkt. No. 50) and Michelle Gray's (Dkt. No. 89) oppositions, the Western District of Louisiana has no nexus to the facts of this case. Novo Nordisk and its related entities are not headquartered in, or proximate to, the State of Louisiana, and Louisiana is not conveniently located for any of the parties. Moreover, the actions pending in the Western District of Louisiana are not mature as they are just past the initial pleading stage.

Novo Nordisk advocates that the Middle District of North Carolina has a "significant" connection to this case due to the presence of a manufacturing facility. (Dkt. 55 at p. 11). However, this fact is less than relevant as the Plaintiffs are not alleging a manufacturing defect so the place of assembly of Defendant's medication delivery device in North Carolina is not significant.

Novo Nordisk attempts to draw a comparison between this action and *In re Incretin-Based Therapies*, MDL 2452, which was assigned to the Southern District of California and presided over by Judge Anthony Battaglia but there is no true comparison. The *Incretin-Based Therapies* MDL was centered around the claim that Novo Nordisk's Victoza (liraglutide) causes pancreatic cancer.[7] This action concerns Ozempic and Wegovy (semaglutide) and the development of gastroparesis, ileus, deep vein thrombosis, and intraoperative aspiration. This MDL does not share injuries, regulatory, marketing, or labeling histories with MDL 2452. There are no significant similarities between this case and MDL 2452 to favor this case being assigned to Judge Anthony Battaglia.

---

[7] https://www.jpml.uscourts.gov/sites/jpml/files/MDL-2452-Initial_Transfer-07-13.pdf

**III.    Conclusion**

For the aforementioned reasons, Respondent urges transfer and consolidation of the Novo Nordisk and related entity actions, alone, to the United States District Court for the Northern District of New York before Hon. Mae A. D'Agostino, or in the alternative, the United States District Court for the Eastern District of Pennsylvania before Judge Wendy Beetlestone.

Dated: January 16, 2024

Respectfully submitted,

*/s/ Rosemarie Riddell Bogdan*
Rosemarie Riddell Bogdan
NDNY Bar Roll No.: 506409
NYS Bar Roll No.: 380552
**Harding Mazzotti, LLP**
1 Wall St.
P.O. Box 15141
Albany, NY 12212-5141
Tel: (518) 862-1200
Email: rosemarie.bogdan@1800law1010.com

*Counsel for Plaintiff*