BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS    MDL NO. 3094
(GLP-1RAs) PRODUCTS LIABILITY LITIGATION

**BRIEF IN SUPPORT OF PLAINTIFF DARIUS CRAIG'S UNOPPOSED MOTION TO TRANSFER HIS ACTION[1] PURSUANT TO JPML RULE 7.1(b)(i)**

Paul J. Pennock
MORGAN & MORGAN, P.A.
350 Fifth Ave., Suite 6705
New York, NY 10118
Phone: (212) 738-6839
ppennock@forthepeople.com

Parvin K. Aminolroaya
SEEGER WEISS LLP
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
Phone: (973) 639-9100
paminolroaya@seegerweiss.com

Jonathan Orent
MOTLEY RICE LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Phone: (401) 457-7700
jorent@motleyrice.com

Sarah Ruane
WAGSTAFF & CARTMELL
4740 Grand Avenue Suite 300
Kansas City, MO 64112
Phone (816) 701-1123
sruane@wcllp.com

*Plaintiffs' Co-Lead Counsel, on behalf of Plaintiff/Movant Darius Craig*

---

[1] *See* **Ex. 1**: 2:24-cv-01075, ECF 1 at ¶185 (N.D. Ala.) (*Craig* Complaint)

## INTRODUCTION

Like all other actions transferred to the GLP-1 RA MDL, Plaintiff/Movant Darius Craig's claims arise from his use of drugs within a class known as glucagon-like peptide-1 receptor agonists (*hereinafter* "GLP-1 RAs"). Specifically, his claims arise from his use of a GLP-1 RA known as Ozempic causing a venous thromboembolism, specifically Deep Vein Thrombosis (*hereinafter* "DVT"), Pulmonary Embolism, and its sequalae resulting therefrom. Although this Panel created a class-wide MDL centralizing claims arising from GLP-1 RA use and allegations of gastrointestinal injuries (*In re: GLP-1 RA,* MDL 3094), the injury of venous thromboembolism was not expressly mentioned in the Panel's Transfer Order.[2] As a result, Darius Craig's action has been inadvertently excluded from inclusion in MDL 3094. Thus, Plaintiffs respectfully request that the Panel determine that Plaintiff's action—and all cases alleging venous thromboembolism injuries—be transferred for inclusion in MDL 3094.

The undersigned firms are currently investigating a significant number of venous thromboembolism injury cases. The inclusion of these cases is appropriate because they involve common issues of law and fact, and additionally involve the same Defendants as the other GLP-1 RA drugs in this class. Further, the undersigned have conferred with the Novo Nordisk Defendants regarding this Motion, and the Novo Nordisk Defendants support the inclusion of venous thromboembolism injury cases in MDL 3094, as the parties have been pursuing general discovery matters related to venous thromboembolism related injuries over the past year.

## BACKGROUND

---

[2] *See* **Ex. 2**, Transfer Order, ECF 145 (Feb. 2, 2024).

Semaglutide (marketed by Novo Nordisk as Ozempic, Wegovy, and Rybelsus), tirzepatide (marketed by Eli Lilly as Mounjaro and Zepbound), and dulaglutide (marketed by Eli Lilly as Trulicity), and Liraglutide (marketed by Novo Nordisk as Saxenda, Victoza, and Xultophy 100/3.6),) belong to a class of drugs known as glucagon-like peptide-1 receptor agonists ("GLP-1RAs"). GLP-1RAs mimic the hormone glucagon-like peptide 1 ("GLP-1")—a gut hormone that activates the GLP-1 receptor in the pancreas to stimulate the release of insulin and suppress glucagon, thereby reducing blood glucose levels. In June 2021, a comprehensive meta-analysis showed nearly a four-fold increased risk of DVT when taking semaglutide.[3] DVT, or deep vein thrombosis, is associated with pulmonary embolism and other serious complications, including death.

The Panel entered the initial Transfer Order on February 2, 2024 (ECF 145). Although the Transfer Order explicitly ordered the consolidation of cases involving plaintiffs who suffered gastroparesis, ileus, intestinal obstruction, or pseaudo-obstruction, or other gastrointestinal injury, thrombotic injuries such as DVT, pulmonary embolism, and blood clots[4] were not expressly identified.[5] However, cases alleging such injuries were already pending in the Eastern District of Pennsylvania.[6] This has led to some confusion as to whether further, supported venous thromboembolism injuries are eligible to transfer into the MDL.

On August 7, 2024, Plaintiff Darius Craig filed suit in the Northern District of Alabama against Novo Nordisk.[7] His claims arise from his use of Ozempic and his allegations that Ozempic

---

[3] *See* **Ex. 1**: 2:24-cv-01075, ECF 1 at ¶185 (N.D. Ala.) (*Craig* Complaint), *citing* Yin DG, Ding LL, Zhou HR, Qiu M, Duan XY. Comprehensive analysis of the safety of semaglutide in type 2 diabetes: a meta-analysis of the SUSTAIN and PIONEER trials. Endocr J. 2021 Jun 28;68(6):739-742. doi: 10.1507/endocrj.EJ21-0129. Epub 2021 May 22. PMID: 34024887.
[4] This list is not intended to be an exhaustive list of venous thromboembolism injuries.
[5] *See* Transfer Order, ECF 145 (Feb. 2, 2024).
[6] *See* **Ex. 3**: 2:23-cv-05041, ECF 1 (E.D.P.A.) (*Shirley* Complaint).
[7] *See* **Ex. 1**: 2:24-cv-01075, ECF 1 (N.D. Ala.) (*Craig* Complaint).

3

caused him to suffer DVT, Pulmonary Embolism and its sequelae.[8] His claims are substantially similar to those of other plaintiffs in this MDL, which allege: inadequate labeling and improper marketing, failure to warn, fraudulent concealment, fraudulent misrepresentation, and negligent misrepresentation.[9] On August 12, 2024 Counsel for Novo Nordisk A/S and Novo Nordisk, Inc. filed a Notice of Potential Tag-Along Action with respect to the *Craig* matter.[10] On August 13, 2024, the undersigned were informed that the Clerk of the Panel had determined that *Craig* was "not appropriate for inclusion in this MDL."[11] However, the reason for that determination was unclear.

The *Craig* matter is not the only case involving venous thromboembolism that is seeking inclusion in MDL 3094. On December 15, 2023 Plaintiff Roderick Shirley filed suit claiming a venous thromboembolism injury, specifically DVT, as a result of his use of Ozempic.[12] On April 16, 2024 Plaintiff Joel Ulrich filed suit claiming a venous thromboembolism injury, specifically a bilateral pulmonary embolism, as a result of his use of Wegovy.[13] On July 26, 2024 the Honorable Judge Martson stayed both actions pending a decision by the Panel to transfer them into MDL 3094.[14] Thus, any determination by the Panel concerning *Craig* will have broader implications beyond just a single case. The Panel's decision will affect not only *Craig*, *Ulrich*, and *Shirley*, but will also impact anticipated forthcoming venous thromboembolism actions

---

[8] *See* **Ex. 1**, 2:24-cv-01075, ECF 1 at ¶211-223 (N.D. Ala.) (*Craig* Complaint).
[9] *See* **Ex. 1**, 2:24-cv-01075, ECF 1 (N.D. Ala.) (*Craig* Complaint).
[10] *See* Notice of Potential Tag-Along Action, ECF 251 (Aug. 12, 2024).
[11] *See* JPML ECF 252 (text only entry determining that *Craig* "is not appropriate for inclusion in this MDL").
[12] *See* **Ex. 3**, Roderick Shirley v. Novo Nordisk, et al., 2:23-cv-04980, ECF 1 (E.D.P.A.)(*Shirley* Complaint).
[13] *See* **Ex. 4**, Joel Ulrich v. Novo Nordisk, et al., 2:24-cv-01554, ECF 1 (E.D.P.A.)(*Ulrich* Complaint).
[14] *See* **Ex. 5,** Order staying *Ulrich* and *Shirley* (July 26, 2024).

**ARGUMENT**

**A. DVT injury actions share common issues of law and fact with other actions in the GLP-1 RA MDL.**

Like other cases in this MDL, *Craig* is an action that involves "personal injury actions stemming from use of glucagon-like peptide-1 receptor agonists (GLP-1-RAs") where Plaintiffs allege DVT and/or other venous thromboembolism injuries.[15] These injuries are a result of the same mechanism of action that causes the gastrointestinal harms enumerated in the initial Transfer Order. The use of GLP-1 RAs can lead to malnutrition, rapid weight loss, inflammation, and dehydration to name a few. These are all consequences of how the drug is behaving that that the cause or result of gastrointestinal injuries. However, these same behavioral consequences can cause or result in DVT and/or other venous thromboembolism injuries. The mechanism of harm that the body undergoes is the same, with the difference between gastrointestinal injuries and prothrombotic injuries being just a different end result caused by the GLP-1-RA.

Novo Nordisk has acknowledged that "[t]he Food and Drug Administration has defined these medications as a GLP-1 class" and that "[t]hey all share a similar mechanism of action"[16] and has urged the Panel to create a class-wide GLP-1 RA MDL.[17] As the Panel has acknowledged, GLP-1 RAs also share a common physiologic effect, "are likely to involve some common discovery ... [,] and may entail overlapping expert witnesses." Transfer Order, ECF 145 at 2. Like the hundreds of actions already pending in the GLP-1 RA MDL, *Craig's* action is based on the same or

---

[15] *See* **Ex. 3**, 2:23-cv-04980, ECF 1 (E.D.P.A)(*Shirley* Complaint); **Ex. 4**, Joel Ulrich v. Novo Nordisk, et al., 2:24-cv-01554, ECF 1 (E.D.P.A.)(*Ulrich* Complaint); *See also* **Ex. 6**, 2:24-cv-03372, ECF 1 (E.D.P.A.)(*Legrand* Complaint).
[16] Oral Argument Transcript (Jan. 25, 2024), JPML ECF 153 at 34:15-17.
[17] Oral Argument Transcript (Jan. 25, 2024), JPML ECF 153 at 35:13-16 ("This [Panel] regularly puts these cases together that involve coingestion, and we believe the court should do the same thing here.").

5

substantially similar allegations:

(1) Plaintiffs were all prescribed a GLP-1RA;

(2) Plaintiffs' prescribing physician(s) relied on Defendants' numerous representations regarding the safety and efficacy of their drugs;

(3) Defendants knew or should have known of the serious, debilitating risk of injuries and sequelae therefrom;

(4) Defendants failed to adequately warn prescribing physicians about the severity and the extent of the risks posed by their drugs;

(5) Had Defendants adequately warned Plaintiffs' prescribing physicians, these doctors either would have altered their prescribing practices, declined to prescribe the drugs in question, or more closely monitored patients taking these drugs and then discontinued the drugs;

(6) Plaintiffs took a GLP-1RA drug as prescribed; and

(7) Plaintiffs suffered injuries and sequelae therefrom as a direct and proximate result of taking a GLP-1RA.

Here, *Craig's* injuries are caused by the same mechanism of action. Although *Craig's* injuries differ in the fact that it is a venous thromboembolism injury as opposed to a gastrointestinal injury, this venous thromboembolism injury is caused by same mechanism of harm. The manner in which the GLP-1-RA behaves in the body is the same, causing a sequalae of conditions that can lead to further injury, with the only question being what the end injury is.

Additionally, Plaintiff submits that these related lawsuits will collectively involve common questions against Defendants, including, but not limited to:

- Whether Defendants' GLP-1RAs were defective as designed, manufactured, and marketed, whether Defendants knew about said defects, and when Defendants knew about said defects;

- Whether Defendants knew that their GLP-1RAs were unsafe and/or dangerous in that they could cause serious injuries;

- Whether Defendants adequately warned prescribing physicians about the extent of the risk of harm and the dangers posed by Defendants' GLP-1RAs;

- Whether Defendants knowingly marketed and sold defective and unreasonably dangerous

6

GLP-1RAs to prescribing physicians, thereby causing patients to suffer injuries and consequences therefrom;

- Whether Defendants knew that their representations regarding their GLP-1RAs were false, misleading, or incomplete; and

- Whether Defendants' misrepresentations and omissions about their GLP-1RAs to prescribing physicians caused Plaintiffs—and others—to suffer crippling injuries.

Because venous thromboembolism actions share common factual and legal questions as actions currently pending in the MDL, Plaintiffs respectfully request *Craig* be transferred to MDL 3094, along with any further DVT or prothrombotic actions that may be filed outside of the Eastern District Pennsylvania during the pendency of MDL 3094.

**B. The Number of Venous Thromboembolism Actions Will Increase Significantly**

The inclusion of venous thromboembolism actions in MDL 3094 will have a significant and positive impact for all Parties. The undersigned firms are investigating venous thromboembolism and other prothrombotic injury cases rapidly, and given the number of potential cases involving these claims that are currently under review, undersigned counsel fully expect that the number of pending venous thromboembolism injury cases will substantially increase in the coming months.

Importantly, the inclusion of venous thromboembolism actions align with both the Panel's and the Parties preference for an efficient MDL. Indeed, as Novo Nordisk's counsel argued, including some related claims against Novo Nordisk in this MDL while excluding others "would be highly inefficient," causing Novo Nordisk "to have to fight cases, both in an MDL and in district courts all over the country," thereby "frustrat[ing] the whole purpose of a multidistrict litigation."[18] Given the substantial amount of cases currently under investigation, and the anticipated actions that will be filed alleging venous thromboembolism injuries, consolidating them into the present MDL 3094

---

[18] Oral Argument Transcript (Jan. 25, 2024), JPML ECF 153 at 34:20-25.

will facilitate just, speedy, and inexpensive determinations of the actions that have been filed pertaining to GLP-1 RAs.

## CONCLUSION

Because the *Craig* action, and other venous thromboembolism actions, share common factual and legal issues with other cases in the GLP-1 RA MDL, Plaintiffs request, pursuant to JPML Rule 7.1(b)(i), that the Panel enter a conditional transfer order transferring *Craig*—along with any additional actions involving venous thromboembolism injuries—to the Eastern District of Pennsylvania for inclusion in the GLP-1 RA MDL. The undersigned has conferred with counsel for Novo Nordisk, which supports this Motion.

Date: August 20, 2024

Respectfully submitted,

/s/*Jonathan D. Orent, Esq.*
Jonathan Orent
MOTLEY RICE LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Phone: (401) 457-7700
jorent@motleyrice.com

Parvin K. Aminolroaya
SEEGER WEISS LLP
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
Phone: (973) 639-9100
paminolroaya@seegerweiss.com

Paul J. Pennock
MORGAN & MORGAN, P.A.
350 Fifth Ave., Suite 6705
New York, NY 10118
Phone: (212) 738-6839
ppennock@forthepeople.com

Sarah Ruane
WAGSTAFF & CARTMELL
4740 Grand Avenue Suite 300

Kansas City, MO 64112
Phone (816) 701-1123
sruane@wcllp.com


*Plaintiffs' Co-Lead Counsel, on behalf of Plaintiff/Movant Darius Craig*

9