# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:        **December 5, 2024**

LOCATION OF HEARING SESSION:   Daniel Patrick Moynihan U.S. Courthouse
                               Ceremonial Courtroom No. 9C, 9th Floor
                               500 Pearl Street
                               New York, New York 10007

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

-2-

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available.  Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For  those matters listed on Section A of the Schedule,  the "Notice of Presentation or Waiver of Oral  Argument"   must  be  filed  in  this  office  no  later  than **November 12, 2024**. The  procedures  governing  Panel  oral  argument  (Panel Rule 11.1)  are  attached. The  Panel strictly adheres to these procedures.

FOR THE PANEL:

Marcella R. Lockert
Acting Clerk of the Panel

cc:  Clerk, United States District for the Southern District of New York

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on December 5, 2024, the Panel will convene a hearing session in New York, New York, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
December 5, 2024 -- New York, New York


# SECTION A
# MATTERS DESIGNATED FOR ORAL ARGUMENT


(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)


MDL No. 3129 − **IN RE: AMERICAN REGENT, INC., SELENIOUS ACID INJECTION ('565) PATENT LITIGATION**

   Motion of plaintiff American Regent, Inc., to transfer the following actions to the United States District Court for the District of New Jersey:

        District of Delaware

   AMERICAN REGENT, INC. v. FRESENIUS KABI USA, LLC, C.A. No. 1:24−00824

        District of New Jersey

   AMERICAN REGENT, INC. v. ACCORD HEALTHCARE INC., C.A. No. 2:24−07791
   AMERICAN REGENT, INC. v. ASPIRO PHARMA LTD., C.A. No. 2:24−07794
   AMERICAN REGENT, INC. v. CIPLA USA, INC., ET AL., C.A. No. 2:24−07796
   AMERICAN REGENT, INC. v. DR. REDDY'S LABORATORIES, INC., ET AL.,
        C.A. No. 2:24−07799
   AMERICAN REGENT, INC. v. FRESENIUS KABI USA, LLC, C.A. No. 2:24−07801
   AMERICAN REGENT, INC. v. GLAND PHARMA LIMITED, C.A. No. 2:24−07802
   AMERICAN REGENT, INC. v. HIKMA PHARMACEUTICALS USA INC.,
        C.A. No. 2:24−07803
   AMERICAN REGENT, INC. v. LONG GROVE PHARMACEUTICALS, LLC,
        C.A. No. 2:24−07804
   AMERICAN REGENT, INC. v. RK PHARMA, INC., C.A. No. 2:24−07805
   AMERICAN REGENT, INC. v. SOMERSET THERAPEUTICS, LLC, ET AL.,
        C.A. No. 2:24−07807
   AMERICAN REGENT, INC. v. SUN PHARMACEUTICAL INDUSTRIES LIMITED,
        ET AL., C.A. No. 2:24−07810
   AMERICAN REGENT, INC. v. XIROMED, LLC, ET AL., C.A. No. 2:24−07811
   AMERICAN REGENT, INC. v. ZYDUS PHARMACEUTICALS (USA) INC.,
        C.A. No. 2:24−07812

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2591 − **IN RE: SYNGENTA AG MIR162 CORN LITIGATION**

Opposition of plaintiffs David G. Dingmann, et al., to transfer of the following action to the United States District Court for the District of Kansas:

<u>District of Minnesota</u>

DINGMANN, ET AL. v. BASSFORD REMELE, P.A., ET AL., C.A. No. 0:24−03675

MDL No. 2738 − **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., to transfer of the following action to the United States District Court for the District of New Jersey:

<u>Middle District of Alabama</u>

BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C. v. THE SMITH LAW FIRM, PLLC, ET AL., C.A. No. 2:24−00582

MDL No. 2741 − **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Mark R. Aldridge, et al., to transfer of the following action to the United States District Court for the Northern District of California:

<u>Western District of Oklahoma</u>

ALDRIDGE, ET AL. v. THE BAYER CORPORATION, ET AL., C.A. No. 5:24−00831

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs The City of Muscle Shoals, Alabama, et al., to transfer of the *City of Muscle Shoals, Alabama* action and Colbert County, Alabama, et al., to transfer of the *Colbert County, Alabama* action to the United States District Court for the District of South Carolina, and motion of defendant 3M Company to transfer the *Uniformed Professional Fire Fighters Association of Connecticut* action to the United States District Court for the District of South Carolina:

<u>Northern District of Alabama</u>

THE CITY OF MUSCLE SHOALS, ALABAMA, ET AL. v. 3M COMPANY, INC., ET AL., C.A. No. 3:24−01062
COLBERT COUNTY, ALABAMA, ET AL. v. 3M COMPANY, INC., ET AL., C.A. No. 3:24−01063

<u>District of Connecticut</u>

UNIFORMED PROFESSIONAL FIRE FIGHTERS ASSOCIATION OF CONNECTICUT, ET AL. v. 3M COMPANY, ET AL., C.A. No. 3:24−01101

MDL No. 3004 − **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Shirley Cox to transfer of the following action to the United States District Court for the Southern District of Illinois:

<u>Western District of Washington</u>

COX v. B&R AERIAL CROP CARE, INC., ET AL., C.A. No. 2:24−01462

MDL No. 3010 − **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION**

Opposition of defendants Google LLC and Alphabet Inc., to transfer of the following action to the United States District Court for the Southern District of New York:

<u>Northern District of California</u>

RUMBLE CANADA, INC. v. GOOGLE LLC, ET AL., C.A. No. 5:24−02880

**MDL No. 3014 − IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Derrick Martin King to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

Northern District of Ohio

KING v. CORNERSTONE MEDICAL SERVICES, ET AL., C.A. No. 5:24−01344

**MDL No. 3026 − IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Gretchen Sudds to transfer of the following action to the United States District Court for the Northern District of Illinois:

Northern District of California

SUDDS v. ABBOTT LABORATORIES, ET AL., C.A. No. 3:24−06404

**MDL No. 3080 − IN RE: INSULIN PRICING LITIGATION**

Opposition of plaintiff People of the State of California to transfer of the following action to the United States District Court for the District of New Jersey:

Central District of California

PEOPLE OF THE STATE OF CALIFORNIA v. ELI LILLY AND COMPANY, ET AL., C.A. No. 2:23−01929

**MDL No. 3094 − IN RE: GLUCAGON−LIKE PEPTIDE−1 RECEPTOR AGONISTS (GLP−1 RAS) PRODUCTS LIABILITY LITIGATION**

Motions of plaintiffs Stephanie Wolfe and Darius Craig to transfer their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

Northern District of Alabama

WOLFE v. NOVO NORDISK A/S, ET AL., C.A. No. 2:24−00992
CRAIG v. NOVO NORDISK A/S, ET AL., C.A. No. 2:24−01075

MDL No. 3108 − **IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff David Angel Sifuentes, III, to transfer of the following action to the United States District Court for the District of Minnesota:

Western District of Michigan

SIFUENTES v. CHANGE HEALTHCARE, C.A. No. 1:24−00850

MDL No. 3114 − **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Texas:

Central District of California

REHN v. AT&T, INC., ET AL., C.A. No. 2:24−06224

Southern District of California

ELLIOTT v. AT&T, INC., ET AL., C.A. No. 3:24−01282
MOSES JR. v. AT&T, INC., ET AL., C.A. No. 3:24−01283
LEE v. AT&T, INC., ET AL., C.A. No. 3:24−01426
CHARUNGVAT v. AT&T, INC., ET AL., C.A. No. 3:24−01427
WINGARD v. AT&T, INC., ET AL., C.A. No. 3:24−01444

MDL No. 3116 − **IN RE: LAWRENCE L. CRAWFORD LITIGATION**

Motion of plaintiff Lawrence L. Crawford for reconsideration of the Panel's order denying transfer to the following actions to the United States District Court for the District of New Jersey:

Northern District of Georgia

AMERICAN ALLIANCE FOR EQUAL RIGHTS v. FEARLESS FUND MANAGEMENT, LLC, ET AL., C.A. No. 1:23−03424

Southern District of Ohio

CRAWFORD, ET AL. v. THE CITY OF WHITEHALL, ET AL., C.A. No. 2:23−02962

Eastern District of Pennsylvania

CRAWFORD, ET AL. v. THE POPE, ET AL., C.A. No. 2:24−00659

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.